```
                                                      USDC SDNY
                                                      DOCUMENT
                                                      ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                          DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                         DATE FILED: August 13, 2009
```

-----------------------------------------------------------x
NIPPON YUSEN KAISHA a.k.a. NYK          :
LINE,                                   :
                                        :
                                        :
            Plaintiff,                  :
                                        :    09 Civ. 5974 (PAC)
    -against-                           :
                                        :    ORDER
817 ROLLS KNITTED FABRIC 100% POLY      :
CHARMEUSE, *in rem*, BAPAZ GARMENTS     :
CORP., JOHN DOES 1-5, and SCL-NIELSEN   :
MULTIMODAL TPT., INC., *in-personam*,   :
                                        :
                                        :
            Defendants.                 :
-----------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Nippon Yusen Kaisha a.k.a. NYK Line ("NYK") seeks a warrant of arrest under Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules") or, in the alternative, replevin under Article 71 of the New York C.P.L.R., to seize 817 rolls of knitted fabric that were shipped in a container carried by NYK's vessel from Shanghai to New York.

On April 19, 2009, NYK entered into an agreement with a non-party shipper to transport the knitted fabric. The agreement was memorialized in a non-negotiable bill of lading naming Defendant SCL-Nielsen Multimodal Tpt., Inc. ("SCI-Nielson") as the consignee. (See Am. Compl. Ex. A ("Bill of Lading").) After the knitted fabric cleared customs in New York, SCL-Nielson directed NYK to release the container carrying the knitted fabric to Defendant Bapaz Garment Corp. ("Bapaz"), the contract buyer.

NYK has now been sued for misdelivery by the non-party manufacturer and seller of the knitted fabric (the "Seller"), which claims that release to Bapaz was wrongful because Bapaz has not paid for the goods.

NYK commenced the present action on June 30, 2009, and amended its Complaint as of right on August 7, 2009 to add documentary exhibits. It seeks to obtain the knitted fabric from Bapaz pursuant to either a warrant of arrest under Supplemental Rule D or replevin under N.Y. C.P.L.R. Article 71.

Supplemental Rule D provides for the issuance of "a warrant of arrest of [a] vessel, cargo, or other property" in maritime disputes "for possession, partition, and to try title…." Fed. R. Civ. P. Supp. Rule D. "[A] possessory action to regain cargo or other maritime property can be maintained only if the allegedly wrongful possession resulted from a maritime tort or breach of a maritime contract." Hup Aik Huat Trading Pte Ltd. v. 900 Bags of Malabar Garbled Black Pepper, 115 F. Supp. 2d 529, 533 (D. Md. 2000) (citation and internal quotation marks omitted). "A bill of lading for ocean carriage is a maritime contract." Thypin Steel Co. v. Asoma Corp., 215 F.3d 273, 277 (2d Cir. 2000). Where title to a bill of lading—and, by extension, title to the goods the bill of lading describes—is disputed, courts have issued warrants of arrest pursuant to Supplemental Rule D. See id. at 279 (upholding the district court's issuance of a Supplemental Rule D warrant); Hup Aik Haut Trading, 115 F. Supp. 2d at 534-35 ("[S]ince federal courts possess admiralty jurisdiction under Supplemental Rule D over cases involving disputes as to the possession of negotiable bills of lading, disputes as to the possession of the cargo with which such bills have merged would also be subject to the Court's admiralty jurisdiction. In this particular case, the bills of lading themselves are at the very heart of the dispute between the parties.")

NYK claims that the present matter is on all fours with Thypin Steel and Hup Aik Haut Trading. (See Declaration of Joseph DeMay, Jr. in Support of Application for Warrant of Arrest ("DeMay Decl.") ¶ 6.) NYK is wrong. Just because the present dispute involves a bill of lading does not mean a warrant of arrest should issue. In both Thypin Steel and Hup Aik Haut Trading, the plaintiff seeking a warrant of arrest had a colorable claim to title. Thypin Steel, 215 F.3d at 278; Hup Aik Haut Trading, 115 F. Supp. 2d at 534. Arrest of the goods under Supplemental Rule D was therefore appropriate pending resolution of the competing claims to the bill of lading. Here, in contrast, NYK does not argue that it has a claim to the bill of lading and the knitted fabric. The dispute is not over who has title to the goods, but rather over who must compensate the Seller for them: NYK or Bapaz. Of course NYK's bargaining position would be enhanced if it could seize the goods, but that does not justify the issuance of a Supplemental Rule D warrant of arrest.

As to replevin, it is clear that it is an extraordinary remedy. There is no good reason for this lawsuit to commence with a sheriff breaking into Bapaz's premises to seize the knitted fabric. Bapaz may have valid defenses to NYK's claims.

Accordingly, the Court will not issue a warrant pursuant to either Supplemental Rule D or N.Y. C.P.L.R. Article 71, and it will certainly not do so ex parte. Plaintiff should serve its Amended Complaint and move thereafter by Order to Show Cause.

Dated: New York, New York
August 13, 2009

SO ORDERED

PAUL A. CROTTY
United States District Judge

3